ANNA STEIN, Respondent, v. HARRY STEIN, Appellant.— Appeal by defendant from an order denying his motion to modify the judgment of separation by reducing the alimony awarded therein. Order reversed on the law and the facts, without costs, and the motion granted, without costs, to the extent of reducing the weekly alimony to $10, such reduction to date from and after the entry of the order hereon. In our opinion, it was an improper exercise of discretion to deny the motion. Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur.

STEPHEN G. STIMSON, Respondent, v. FOLEY BROTHERS, INC., et al., Appellants.— Plaintiff, a resident of New York, entered into a written contract with defendants Foley Brothers, Inc., and Spencer, White & Prentis, Inc. (hereinafter called the constructors), whereby he was employed as a general labor foreman on a government project in Iran. Under the terms of the contract the constructors agreed, *inter alia,* to pay or provide "compensation for the disability or death from injury arising out of and in the course of the employment, in accordance with applicable workmen's compensation laws * * *." In "performance and furtherance" of this provision of the contract, the constructors entered into a contract with defendant Travelers Insurance Company (hereinafter called Travelers), whereby Travelers agreed to compensate any employee of the constructors, including plaintiff, who might be injured while in their employ abroad, in accordance with applicable compensation laws. Plaintiff entered upon the employment in Iran and was continually so engaged until the termination of his contract on November 14, 1942. Shortly after his return to New York on February 17, 1943, plaintiff, who had been sick from time to time during the period of his employment in Iran, and more particularly during the long trip home, was found to be suffering from pulmonary tuberculosis, far advanced and active, resulting from the reactivation of a dormant and arrested tuberculosis originally contracted some twenty years before. Upon defendants' failure to pay or provide compensation for such disability, which plaintiff claimed resulted from his employment, plaintiff commenced this action, in which, so far as material, he sought specific performance of the compensation provision of his employment contract and also of the constructors' contract with Travelers. The official referee, to whom the action was referred to hear and determine, directed judgment in favor of plaintiff for specific performance, as demanded in the complaint. Defendants appeal. Judgment as amended, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Aldrich and Nolan, JJ.

WALTERS LAUNDRY SERVICE, INC., Appellant, v. A. DE BEVOISE CO., INC., Respondent, et al., Defendants.— Action to recover damages for injury to plaintiff's truck, due to a collision with a truck owned by the corporate defendant. The complaint was dismissed at the conclusion of the plaintiff's case. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. The record presents questions of fact which should have been submitted to the jury. Lewis, P. J., Carswell and Nolan, JJ., concur; Hagarty and Aldrich, JJ., dissent and vote to affirm.